*Southern District*

**LEWIS WANLESS**

**v.**

**KING FORM & CONSTRUCTION CO., INC.**

**and**

**NORFOLK COUNTY TRUST COMPANY, Trustee**

*Present*: Nash, P. J., Cox & Owen, JJ.

Case tried to *Lee, J.* in the District Court of East Norfolk (Quincy). No. 23877 of 1962.

*Owen, J.* This is an action of contract for work, labor and materials commenced in trustee process in the District Court of East Norfolk, by writ dated *October* 18, 1962 and returnable to said court on *November* 26, 1962 wherein the plaintiff claims damages for the alleged unworkmanlike construction by King Form & Construction Co., Inc. of a building foundation.

A motion to dismiss was duly filed on behalf of defendant King Form & Construction Co., Inc. setting forth the following ground:

That the action has been commenced by trustee process and does not conform with the provisions of G. L. (Ter. Ed.) c. 246, §7, as amended, relating thereto, in that the writ is dated October 18, 1962, is returnable on November 26, 1962, and therefore does not conform with the requirement of the statute that "(a) trustee writ issued by a district court shall be returnable not more than thirty days after the date thereof . . . . "

The case was reported because the defendant claims to be aggrieved by the denial of its motion to dismiss and the refusal by the judge to allow its requests for rulings numbered five and six.

The report states that it contains all the evidence material to the questions presented.

The writ by which the action was brought was properly served on the defendant. The trial judge found "if valid service has been made upon the defendant, as it appears here

on the writ, the plaintiff is not precluded from proceeding against the defendant himself."

The effect of noncompliance with the provisions of §7 of c. 246 is to make the attachment on the trustee void but the validity of the writ and the action itself is not affected insofar as the defendant is concerned. In effect the writ becomes a common writ. The refusal of the trial judge to allow the motion to dismiss was correct. G. L. c. 246, §9. *Phelan v. Atlantic Nat. Bank,* 301 Mass. 463.

There was no error in the refusal to allow defendant's request for rulings numbered five and six. *The report is dismissed.*

Paul William Garber, of Boston, for the Defendant.